## Case No. 6,183.

### HARVEY v. RICHARDS.

[2 Gall. 555.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1815.

### ISSUE OUT OF CHANCERY—LEGITIMACY.

Issue out of chancery [in the suit of Mary Harvey against John Richards, administrator cum testamento annexo of James Mowry].

At the last term of this court [Case No. 6,-182], an order was made directing the parties in this cause to proceed to trial at law, upon the following points, viz.: "Whether the said Mary Harvey is the sister and sole next of kin of the said James Mowry, otherwise called Murray, or not?" The trial to be had by a jury for that purpose to be duly impanneled, and after the trial had, the parties to resort to the equity side of the court for such further orders, as should be necessary and proper. By consent of the parties, a special jury was impanneled to try this

[1] [Reported by John Gallison, Esq.]

issue,[2] who returned their verdict as follows:

"The jury, having maturely considered the evidence produced, find that the said James Murray, alias James Mowry, was the legitimate son of Joshua Mowry, and Hope, his wife, and that one John Mowry, his brother, now living, and Mary Harvey, the complainant, his sister, are his sole next of kin and heirs at law."

[1] [Reported by William P. Mason, Esq.]

[2] The practice of summoning special juries appears, from the records of our courts, to have been early prevalent in Massachusetts; [3] but it has been long disused, and there is now no power, in any state court of this state, to proceed otherwise, than by a jury returned and selected, according to statute provision, by drawing their names from a box kept for that purpose by the selectmen of each town.